# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **A.B.M.,** <br> **Petitioner** <br><br> **v.** <br><br> **JESSICA SAGE, Warden, Federal Correctional Institution (FCI) Lewisburg; JOHN RIFE, Acting Field Office Director, Philadelphia Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting Attorney General, U.S. Department of Justice,** <br> **Respondents** | : | **No. 3:26cv1927** <br><br> **(Judge Munley)** |

## MEMORANDUM ORDER

Before the court is the pro se petition for writ of habeas corpus filed by Petitioner A.B.M., pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). A.B.M. is a native and citizen of Ghana in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at FCI Lewisburg, in

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A.B.M. filed the instant petition while detained at FCI Lewisburg. (Doc. 1 ¶ 6). Petitioner asserts that his continued detention violates the Immigration and Nationality Act and the Due Process Clause under the Fifth Amendment. Id. at 36–43. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Lewisburg, Pennsylvania. (Doc. 1 ¶ 6; Doc. 8 at 14). His petition asserts that his prolonged detention violates the Immigration and Nationality Act and his procedural and substantive due process rights. (Doc. 1 ¶¶ 71–92). For the reasons set forth below, the court will grant the alternative form or relief sought. Id. at 44. A.B.M. is entitled to a bond hearing before a fair and impartial immigration judge ("IJ").

According to documents supplied by the respondent,[2] A.B.M. is 40 years old. (Doc. 8 at 80). On June 7, 2022, he "was encountered by the United States Border Patrol near Otay Mesa, CA." Id. at 82. He "was transported to the Chula Vista Station for further processing and disposition." Id. He "was released from the custody of the Department of Homeland Security (DHS) by Order of Recognizance (OREC) and was instructed to report to the ICE office near his destination in the U.S." Id. When he arrived at his destination . . . he failed to report to any ICE office. Id.

"On December 12, 2024, [A.B.M.] was arrested by the Delaware State Police" and charged with six counts of fraud – theft of $1500 or greater, as well

[2] Although A.B.M. named four respondents in his petition, (see Doc. 1 at 1), typically, "the [only] proper respondent" to a petition for writ of habeas corpus "is the warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Although respondent, in her brief, inaccurately names "Craig Lowe, the Warden of Pike County Correctional Facility" as the proper respondent here, (Doc. 6 at 19–20), the point is still well-taken. The proper respondent is Jessica Sage, Warden of FCI Lewisburg. As such, the court will dismiss the other respondents as improper.

as counts for conspiracy and theft under $1500. Id. at 81. These charges remain pending. Id. On April 18, 2025, A.B.M. "was arrested by the North Middleton Township Police Department in Cumberland County, PA for simple assault . . . and harassment." Id. (citation modified). Petitioner was ultimate convicted, in August 2025, of disorderly conduct, in violation of 18 PA. CONS. STAT. § 5503(a)(2). (Doc. 1 ¶ 17).

On April 18, 2025, ICE encountered A.B.M. while at Cumberland County Prison, where it "found that [A.B.M.] had prior immigration history," and issued a Form I-862 Notice to Appear charging a violation of 8 U.S.C. § 1182(a)(6)(a)(i) for being "present in the United States without being admitted or paroled." (Doc. 8 at 81–82). A.B.M. was taken into ICE custody on April 24, 2025, following his release from criminal custody. Id. at 83; Doc. 1 ¶ 2. He has been detained by ICE since that time. He was initially detained at Moshannon Valley Correctional Center and then moved to FCI Lewisburg. (Doc. 1 ¶ 18). He has been detained without a bond hearing. Id. at ¶¶ 1–2.

The parties briefed their respective arguments as to which statute controls A.B.M.'s custody. (See Doc. 1 (petitioner arguing their custody is governed by 8 U.S.C. § 1226(a)); Doc. 6 (respondent arguing A.B.M.'s custody is governed by 8 U.S.C. § 1225(b)(2)). For petitioners such as A.B.M., who were "already within our borders" at the time of detention, the Third Circuit recently resolved this

dispute in Buele Morocho v. Warden Philadelphia FDC, ___ F.4th ___, 2026 WL 2546223, at *5 (3d Cir. Aug. 28, 2026). The statute that governs A.B.M.'s pre-removal custody is § 1226(a). And because § 1226(a) and its implementing regulations "require[ ]" a bond hearing, Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018), respondent is violating A.B.M.'s rights under the INA and its implementing regulations by not providing one.

As to petitioner's due process rights, like the Buele Morocho court, this court weighs the Eldridge[3] factors to determine whether A.B.M.'s detention violates due process. ___ F.4th at ___, 2026 WL 2546223, at *9–10. As to the first factor, "the private interest that will be affected by the official action," the Buele Morocho court held that "mandatory detention implicates [the] 'constitutionally protected interest in avoiding physical restraint.'" Id. at *9 (quoting Eldridge, 424 U.S. at 335; Kansas v. Hendricks, 521 U.S. 346, 356 (1997) (citations omitted)). And so, it does here.

The second factor concerns "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Id. (quoting Eldridge, 424 U.S. at 335). The Buele Morocho court found such risk exists in situations like here, because

[3] Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

of "the absence of an opportunity for a neutral decisionmaker to assess" the dangerousness or flight risk of a defendant. Id.

As to the third factor, "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," id. (quoting Eldridge, 424 U.S. at 335), the court held that the "legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here, particularly when [the] non-criminal individuals were detained absent evidence that either is dangerous or a flight risk, and the Government has not argued that bond hearings are unduly burdensome." Id. at *10 (citation modified).

A.B.M.'s situation is somewhat different, because he has pending charges for theft in Delaware, and was convicted of disorderly conduct in Pennsylvania. (Doc. 1 ¶¶ 17). Further, A.B.M. did not report to an ICE office as directed after his release into the United States. (Doc. 8 at 82). And so, the government's interest in preventing the release of a defendant who is dangerous or may fail to appear at a future hearing is weightier. This greater interest, however, does not outweigh the first two factors such that it defeats A.B.M.'s right to a remedy. The court will require the government to provide A.B.M. with the bond hearing he is entitled to under the law. And because A.B.M. did not receive this bond hearing

promptly, the court finds it appropriate to hold the government "to a higher burden of proof" at the court-ordered bond hearing. German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 214 (3d Cir. 2020).

For the reasons set forth above, it is hereby **ORDERED** that:

1) John Rife, Markwayne Mullin, and Todd Blanche are dismissed from this action as improper respondents.

2) A.B.M.'s petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

3) A.B.M.'s detention is governed by 8 U.S.C. § 1226(a) and he is entitled to a bond hearing before a fair and impartial IJ.

4) The government shall, **within 14 days**, provide A.B.M. with an individualized bond hearing before a fair and impartial IJ in accordance with the analysis in this memorandum order;

5) At that hearing, the government will bear the burden of establishing by clear and convincing evidence that A.B.M.'s continued detention is necessary because he presents a flight risk or danger to the community if released;

6) On or before **October 23, 2026**, respondent shall file a declaration pursuant to 28 U.S.C. § 1746 confirming that A.B.M. has received a bond hearing;

7) The Clerk of Court is directed to enter judgment in accordance with this memorandum order; and

8) The Clerk of Court is directed to **CLOSE** this case.[4]

**Date:** 10/6/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

[4] Petitioner requests attorney's fees pursuant to 28 U.S.C. § 2412. (Doc. 1 at 44). A petition for writ of habeas corpus challenging immigration detention under 28 U.S.C. § 2241 is a civil action for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and this statute unambiguously applies here. Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 428, 432 (3d Cir. 2026). Petitioner may file a motion for costs and fees within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); see FED. R. CIV. P. 54(d).